1  DAVID J. KAMINSKI, ESQ. (State Bar No. 128509)
   KaminskiD@cmtlaw.com
2  DAVID J. DREXLER, ESQ. (State Bar No. 193663)
   drexlerd@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant,
   NATIONAL ENTERPRISE SYSTEMS, INC.,
7  erroneously sued and served herein as NES, INC.

8
                UNITED STATES DISTRICT COURT
9
       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
10

11 | GURMAN S. BAL, an individual,           )  CASE NO.  C 07 03271 JSW
                                             )
12 |           Plaintiff,                    )
                                             )  **ANSWER TO COMPLAINT**
13 |    vs.                                  )
                                             )
14 | NES, INC. (NATIONAL ENTERPRISE          )
   | SYSTEMS, INC.)                          )
15 |                                         )
   |           Defendant.                    )
16 |                                         )
                                             )
17                                           )
                                             )
18

19     **COMES NOW** Defendant NATIONAL ENTERPRISE SYSTEMS, INC. ("Defendant")

20 appearing for themselves and for no other person, firm or entity, answers the Complaint of the

21 Plaintiff, Gurman S. Bal ("Plaintiff") by admitting, denying and alleging as follows:

22     1.     Answering paragraph 1 of the Complaint, commencing at page 2 of Form SC-100,

23 Defendant is without knowledge or information sufficient to form a belief as to the truth of

24 Plaintiff's allegations and, on that basis, denies each and every allegation.

25     2.     Answering paragraph 2 of the Complaint, Defendant agrees that this is their

26 corporate name and address.

27     3.     Answering paragraph 3 of the Complaint, Defendant denies each and every

28 allegation contained therein in each and every subsection.

4. Answering paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation and, on that basis, denies each and every allegation.

5. Answering paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and, on that basis, deny each and every allegation.

6. Answering paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and, on that basis, deny each and every allegation.

7. Answering paragraph 7 of the Complaint, Defendant admits the allegation contained therein.

8. Answering paragraph 8 of the Complaint, Defendant admits the allegation contained therein.

9. Answering paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation and, on that basis, denies the allegation.

10. Answering paragraph 10 of the Complaint, the allegations set forth are conclusions of law, and therefore, no response is required thereto.

11. Answering paragraph 11 of the Complaint, the allegations set forth are conclusions of law, and therefore, no response is required thereto.

12. In regards to Plaintiff's Declaration that was attached to his small claim's Complaint,, Defendant answers each of the four allegations in his Declaration as follows:
Declaration Section No. 1: Defendant denies each and every allegation contained therein.
Declaration Section No. 2: Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and, on that basis, denies each and every allegation.
Declaration Section No. 3: Defendant denies each and every allegation contained therein.
Declaration Section No. 4: Defendant denies each and every allegation contained therein.
Declaration Section No. 5: Defendant denies each and every allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE

1. As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate, affirmative defense, defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of the Fair Debt Collection Practices at ("FDCPA"), 15 U.S.C. § 1692 et. seq.

### THIRD AFFIRMATIVE DEFENSE

3. As a separate, affirmative defense, defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant were not accompanied by actual malice, intent or ill will.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the Complaint, which presupposition the defendant denies, such violation was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate, affirmative defense, defendant alleges that at all times alleged in the complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Fair Debt Collection Practices Act ("FDCPA").

///

**SEVENTH AFFIRMATIVE DEFENSE**

7. As a separate, affirmative defense, defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

**EIGHTH AFFIRMATIVE DEFENSE**

8. As a separate, affirmative defense, defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

**WHEREFORE**, these answering Defendant prays:

1. For a judgment in favor of Defendant, and against Plaintiff, and that Plaintiff take nothing by reason of said Complaint;

2. That this answering Defendant be awarded costs of suit herein and such other further relief as the Court deems just; and

3. That this answering Defendant be awarded attorneys fees' pursuant to 15 U.S.C. §1692k(a)(3).

DATED: June 26, 2007                CARLSON & MESSER LLP

By _____
David J. Kaminski, Esq.
David J. Drexler, Esq.
Attorneys for Defendant,
NATIONAL ENTERPRISE SYSTEMS, INC.,
erroneously sued and served herein as NES, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA       )
                          ) ss.
COUNTY OF LOS ANGELES     )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

On **June 29, 2007** I served the foregoing document described as: **ANSWER TO COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ] **BY ELECTRONIC MAIL :**
Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X] **(BY MAIL)**
I sealed such envelope(s) and placed it (them) for collection and mailing on this dates following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

**(BY FACSIMILE)**
I transmitted via telecopier machine such document to the offices of the addressees.

[] **VIA NEXT DAY FEDERAL EXPRESS**
I delivered the above described documents in the above described envelopes to Federal Express for delivery via FedEx next business morning.

[] **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **(FEDERAL)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this **29th** day of **June 2007**, at Los Angeles, California.

_____
Sue A. Vigil

05631.00/135074

## SERVICE LIST
### Gurman Singh Bal v. National Enterprise Systems, Inc.
### 05631.00

Gurman S. Bal                                    **IN PRO PER**
1238 Chancery Way
San Ramon, CA 94582
Tel: (925) 640-2326

05631.00/135074